**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0145-15T4

A COUNTRY PLACE CONDOMINIUM
ASSOCIATION,

    Plaintiff-Respondent,

v.

MAROECHE ABDELHAK,

    Defendant-Appellant.

_____

Argued October 6, 2016 — Decided June 6, 2017

Before Judges Leone and Vernoia.

On appeal from Superior Court of New Jersey,
Law Division, Special Civil Part, Ocean
County, Docket No. DC-12065-14.

Daniel Louis Grossman argued the cause for
appellant.

Philip D. Tobolsky argued the cause for
respondent.

PER CURIAM

Defendant Maroeche Abdelhak appeals a July 16, 2015 order

awarding maintenance fees, counsel fees, and costs to plaintiff,

A Country Place Condominium Association. We affirm in part, vacate in part, and remand.

I.

Unless otherwise indicated, the following facts were found by the trial court. Defendant owned a unit in plaintiff's 376-unit condominium complex in Lakewood. He was pleased with the services until management of the property was taken over by Ocean Management Group.

Defendant took issue with the growth of roots in the yards in front and in back of his unit. During the dispute, defendant stopped paying his monthly maintenance fees to plaintiff. He also accrued late fees, counsel fees, and other fees.

Defendant and plaintiff entered into an agreement that plaintiff would perform work on the front and back yards, and defendant would pay around $3000. Under the agreement, defendant would pay half in advance and half when the work was finished. Defendant paid $1505 in advance. The work on the back yard was done to defendant's satisfaction. However, the work on the front yard was never done.

Defendant testified that, as a result, he never paid the other half of the $3000. Plaintiff's property manager testified that, after being credited for paying the $1505 in June 2013,

A-0145-15T4

defendant never paid his monthly maintenance fee, resulting in a balance of $6615 by the June 2015 trial.

Defendant's complaint about the roots in the yards was only one of his complaints about plaintiff's care of the common areas. He testified plaintiff failed to properly cut the grass or power wash mildew from the exterior of the roof. He also testified that, as a result of the dispute, plaintiff did not plow, shovel, salt, or sand snow and ice on his driveway and walkway as promptly as it did for his neighbors, leaving him "trapped" in his house for days. Plaintiff's former officer manager testified that "it was my experience that there were a few homeowners that were due services and being they were behind on their maintenance payments, the services were not provided," and that it was "a possibility" that was why defendant's unit was not fully serviced.

Plaintiff filed a complaint in the Special Civil Part seeking maintenance fees, late fees, and counsel fees defendant was required to pay under the master deed and bylaws. Defendant filed a counterclaim alleging plaintiff failed to provide the services and unit maintenance required by the master deed and bylaws.[1]

---

[1] Nonetheless, the parties have failed to provide the master deed, or any portion of the bylaws other than the counsel fee provision.

The trial court found defendant should have paid the management fees in full. The court awarded plaintiff $6615.[2] The court declined to award the $950 in late fees requested by plaintiff but ultimately granted plaintiff $2435.12 in counsel fees. The court dismissed defendant's counterclaim. He appeals.

## II.

We must hew to our "deferential standard" of review. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "'Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review[.]'" Ibid. (citation omitted). "'[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . .'" Ibid. (citation omitted). "To the extent that the trial court's decision constitutes a legal determination, we review it de novo." Ibid.

## III.

The trial court could properly find defendant owed $6615 in unpaid maintenance fees he withheld during the dispute. During his testimony, defendant admitted he was unaware of anything in

---

[2] The transcript shows the trial court initially ordered defendant to pay $6650, but that appears to be a transcription error.

the master deed or bylaws which allowed him to withhold his monthly payments if he was unhappy with the services he received. Absent such a provision, we are unaware of any authority allowing defendant to withhold his maintenance fees because he was dissatisfied with the services.

No such authority is provided in the Condominium Act, N.J.S.A. 46:8B-1 to -38. A condominium association "shall be responsible for the performance of [its] duties," including "[t]he maintenance, repair, replacement, cleaning and sanitation of the common elements." N.J.S.A. 46:8B-14(a). "[T]he costs of [doing those duties] shall be common expenses[.]" N.J.S.A. 46:8B-14. "The association may levy and collect assessments duly made by the association for a share of common expenses or otherwise, . . . together with interest thereon, late fees and reasonable attorneys' fees, if authorized by the master deed or bylaws." N.J.S.A. 46:8B-15(e).

"A unit owner shall, by acceptance of title, be conclusively presumed to have agreed to pay his proportionate share of common expenses accruing while he is the owner of a unit." N.J.S.A. 46:8B-17. "No unit owner may exempt himself from liability for his share of common expenses by waiver of the enjoyment of the right to use any of the common elements or by abandonment of his unit or otherwise." Ibid.; accord Brandon Farms Prop. Owners

Ass'n v. Brandon Farms Condo. Ass'n, 180 N.J. 361, 368 (2004); Ocean Club Condo. Ass'n v. Gardner, 318 N.J. Super. 237, 240 (App. Div. 1998).

"The obligation to pay condominium fees has been described as 'unconditional.'" The Glen, Section I Condo. Ass'n v. June, 344 N.J. Super. 371, 376 (App. Div. 2001). In The Glen, unit owner June was delinquent in paying maintenance assessments, and the association suspended his privileges to use all common elements, deliberately piled snow in his driveway in violation of its duty of good faith and fair dealing, and exceeded its powers by installing a "lolly" column to prevent use of his own garage. Id. at 374, 378-80. Nonetheless, we rejected the trial court's ruling that the association's acts "absolved June of his obligation to pay the monthly assessments. The fact that June continued to own a condominium unit results in membership in the Association, and an attendant obligation to pay his share of the expenses." Id. at 377-78.

If in The Glen the association's improper retaliatory acts were inadequate to absolve the unit owner of his obligation to pay monthly assessments, plaintiff's alleged failure to maintain some common elements, or its allegedly retaliatory slowness in addressing snow and ice, did not absolve defendant from his obligation to pay his monthly assessments. We decline to create

an exception to the unconditional statutory imperative in <u>N.J.S.A.</u> 46:8B-17. <u>See</u> <u>High Point at Lakewood Condo. Ass'n v. Township of Lakewood</u>, 442 <u>N.J. Super.</u> 123, 142-43 (App. Div. 2015). Thus, we reject defendant's argument that plaintiff's alleged "breach of a material term of an agreement" by not performing maintenance "relieved [him] of [his] obligations under the agreement[s]" between the parties. <u>Cf.</u> <u>Nolan v. Lee Ho</u>, 120 <u>N.J.</u> 465, 472 (1990).[3]

In <u>The Glen</u>, <u>supra</u>, we also established the proper remedy when a unit owner claims an association improperly denied services. We remanded "for retrial limited to the issue of damages that June suffered resulting from the Association's breach of its duty of good faith and fair dealing by denying access to June's driveway and garage." 344 <u>N.J. Super.</u> at 380. "Those damages are measured by the reasonable value of the loss of use of June's driveway and garage for the period he was deprived thereof. The amount found

---

[3] We note the following is apparently a basic master deed provision: "No Unit Owner may waive or otherwise avoid liability for Common Expense Assessments . . . by reason of the Association's failure to provide services to this Unit." Smith, Estis, & Li, <u>New Jersey Condominium & Community Association Law</u> § 6:7.02, at 85 (2017).

shall be set off against June's obligation for the common areas assessments for the period in question[.]" Ibid.[4]

Here, defendant would be entitled to a setoff against his assessment obligations for the period in question if he had proved he was damaged because plaintiff breached the Condominium Act, the master deed, the bylaws, or its duty of good faith and fair dealing by improperly failing to provide services or by improperly retaliating against defendant. Indeed, defendant brought a counterclaim claiming such damages.

Generally, in claims for breach of contract,

> [o]ur law imposes on a plaintiff the burden to prove four elements: first, that "[t]he parties entered into a contract containing certain terms"; second, that "plaintiff[s] did what the contract required [them] to do"; third, that "defendant[s] did not do what the contract required [them] to do[,]" defined as a "breach of the contract"; and fourth, that "defendant[s'] breach, or failure to do what the contract required, caused a loss to the plaintiff[s]."
>
> [Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016) (alterations in original) (quoting Model Jury Charge (Civil) § 4.10A "The Contract Claim—Generally" (May 1998)).]

---

[4] This remedy resembles a remedy afforded tenants. "[I]n an action by a landlord for unpaid rent a tenant may plead, by way of defense and set off, a breach by the landlord of his continuing obligation to maintain an adequate standard of habitability." Berzito v. Gambino, 63 N.J. 460, 469 (1973). "This does not mean that the tenant is relieved from the payment of rent so long as the landlord fails to repair." Marini v. Ireland, 56 N.J. 130, 146-47 (1970).

We now examine whether defendant as counterclaimant proved those four elements.

Here, the parties entered into agreements, including the agreement to perform service regarding the roots and payment of $3000. Under that agreement, defendant "'did what the contract required [him] to do'" when he made the $1505 initial payment. Ibid. (citation omitted).[5] However, it is unclear whether defendant established the third and fourth elements.

Defendant complains the trial court's factual findings in this area were "oblique" or non-existent and violated Rule 1:7-4(a). A trial court must "find the facts and state its conclusions of law thereon in all actions tried without a jury." R. 1:7-4(a). "[T]he trial court is required to make findings of fact and to state specific reasons in support of its conclusion." Gnall v. Gnall, 222 N.J. 414, 428 (2015). "Failure to make explicit findings and clear statements of reasoning '"constitutes a

_____

[5] Otherwise, it is dubious whether defendant did what he was required to do, as he failed to pay his monthly maintenance assessment. Because we decide the appeal on other grounds, we need not decide whether defendant's failure to pay assessments relieves plaintiff of its obligation to maintain the common elements associated with his unit, or whether plaintiff's duty to perform maintenance of the common elements under N.J.S.A. 46:8B-14(a) is as unconditional as defendant's duty to pay maintenance assessments under N.J.S.A. 46:8B-17. Cf. The Glen, supra, 344 N.J. Super. at 377 (finding that "[t]he master deed . . . explicitly empowers the Association to suspend a member's enjoyment of the common elements until such fees are paid").

disservice to the litigants, the attorneys, and the appellate court."'" Ibid. (citation omitted).

The trial court found "there was an agreement and some work that was supposed to be done has not been done." The court also found:

> I don't know if it's been proven by a preponderance of the evidence, but there certainly has been implication that some other work that should have been done, like the appropriate removal of snow from the grounds, which is part of the responsibility of the association, there's some overhanging trees that have left some markings and residue on the roof of the particular condominium and those issues have not been addressed by the homeowners association.

Finally, the court found: "There was some testimony that I also find credible, that there is a possibility, but not a definite possibility that when people don't pay their homeowners association dues, they don't get the top service."

In this regard, the trial court failed to "'state clearly its factual findings and correlate them with the relevant legal conclusions.'" Ibid. (citation omitted). The court's first finding suggests defendant proved plaintiff breached the agreement to provide service regarding the roots in the front yard. The court was unclear regarding whether it found by a preponderance that plaintiff failed to perform proper service regarding snow

removal and roof maintenance, or that plaintiff retaliated against defendant by providing inferior service.

Defendant argues the defense testimony about these alleged failings was undisputed and must have been found as fact because the trial court stated: "The testimony that was given by all of the witnesses, the Court does deem to and finds it to be credible." However, we do not read the court's statement to mean it found as fact every single statement every witness uttered. The contrary is indicated by the court's explicit factual findings on specific topics and by its statements about "implications" and "possibilit[ies]."

The trial court's inadequate findings are harmless if there was no evidence of damages. "Defendant had the burden of proof to establish all elements of its cause of action, including damages." Cumberland Cty. Improvement Auth. v. GSP Recycling Co., 358 N.J. Super. 484, 503 (App. Div.), cert. denied, 177 N.J. 222 (2003). Defendant failed to offer any proof of damages for most of his claims raising failure to maintain and retaliation. He asked plaintiff's maintenance supervisor about its lawn mowing and snow plowing costs but produced no information the trial court could use to calculate damages. Because "the trial judge was left to speculate on the extent of defendant's damages" regarding those claims, they were properly dismissed. Ibid.

11                                                    A-0145-15T4

Defendant did prove that plaintiff and he agreed he would pay approximately $3000 if plaintiff performed service regarding the roots in the front and back yards, that defendant paid $1505 up front, and that plaintiff performed the service on the back yard but not on the front yard. The trial court stated maintenance regarding the front and back yards "would cost around $3,000," but defendant and plaintiff's former office manager testified the $3000 simply represented the back maintenance fees defendant owed at that time. The court posed the question "how much is that agreement, in terms of an economic level, worth?" However, the court failed to answer that question. Because the court did not determine the value of the service plaintiff failed to perform on the front yard, a remand for findings is necessary.

If the $1500 was an estimate of the cost of that service, it constituted evidence of damages that the trial court should have considered in determining whether to offset some or all of that amount against the $6615 in maintenance assessments owed by defendant. Even if the $1500 was just half of defendant's unpaid maintenance assessments, the agreement made defendant's payment of the $1500 contingent on the performance of the maintenance and thus entitled defendant to setoff the cost of such maintenance if not performed.

Accordingly, we affirm the trial court's award of $6615 in unpaid common expenses and $2435.12 in counsel fees and costs. We vacate the dismissal of defendant's counterclaim and remand to the trial court to make findings of fact regarding whether defendant should be credited with a setoff of some or all of the approximately $1500 due to plaintiff's failure to perform the requisite maintenance on the roots in the front yard. The court may permit submission of further evidence on that issue in its discretion. We do not retain jurisdiction.

Affirmed in part, vacated in part, and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0145-15T4